IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-40109-TJM |
| | ) | |
| MICHAEL A. DANKERT, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

### **ORDER**

Hearing was held in Lincoln, Nebraska, on September 19, 2007, on Debtor's objections to the claim filed by Roxana Dankert (Fil. #28 and #42), and a resistance thereto filed by the creditor (Fil. #32)[1]. John C. Hahn appeared for Debtor, and Matthew S. McKeever appeared for Roxana Dankert.

The issue presented in this case is whether Debtor's obligation to pay Ms. Dankert the sum of $17,025.35 under the parties' divorce decree constitutes a "domestic support obligation" under 11 U.S.C. § 101(14)(A). As discussed below, I find that the payment is in the nature of a property settlement and is not a domestic support obligation.

### *Background*

The parties were married on July 28, 1990, and on September 11, 2006, a decree of dissolution of marriage was filed in the District Court of Madison County, Nebraska. A copy of said divorce decree is filed herein as an attachment to the declaration of Roxana Dankert (Fil. #57). At Paragraph 3, the decree provides for the payment of child support by Debtor. The parties agree that such support is a domestic support obligation. Debtor is also obligated to continue to provide health insurance pursuant to Paragraph 6 of the decree. There does not appear to be any dispute that such obligation is also a domestic support obligation. Paragraph 11 of the decree assigns specific assets and liabilities to each of the parties, and then Paragraph 12 provides, in part: "In order to equalize the marital estate of these parties, the Court enters judgment in the favor of the Plaintiff [Ms. Dankert] and against the Defendant [Debtor] in the amount of $17,025.35." The issue is whether that monetary obligation constitutes a domestic support obligation.

---

[1] Chief Judge Timothy J. Mahoney presided over the hearing and took this matter under advisement. The undersigned has had the opportunity to review the record and to listen to the digital audio recording of the hearing.

### *Discussion*

Pursuant to 11 U.S.C. § 101(14A), the term "domestic support obligation" means:

[A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
    (A) owed to or recoverable by –
        (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
        (ii) a governmental unit;
    (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
    (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
        (i) a separation agreement, divorce decree, or property settlement agreement;
        (ii) an order of a court of record; or
        (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
    (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

This definition was enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), and has an impact throughout the Bankruptcy Code on issues of discharge, the automatic stay, priorities, exemptions, the means test, and the calculation of disposable income in a Chapter 13 case. For purposes of the case at hand, discharge and priorities are at issue. Domestic support obligations are not discharged in Chapter 13 proceedings. *See* 11 U.S.C. § 1328(a) and 11 U.S.C. § 523(a)(5). Further, domestic support obligations are priority claims pursuant to 11 U.S.C. § 507(a)(1)(A). If, on the other hand, the obligation is not a domestic support obligation, it would fall under 11 U.S.C. § 523(a)(15), which obligations are not excepted from discharge in Chapter 13 cases, nor are they entitled to priority status.

In order to prevail on her assertion that Debtor's obligation to pay $17,025.35 is a domestic support obligation pursuant to Paragraph 12 of the divorce decree, Ms. Dankert must show that the debt is (1) owed to or recoverable by her; (2) in the nature of alimony, maintenance, or support; and (3) established or subject to establishment pre- or post-petition by reason of a separation agreement, divorce decree, property settlement agreement, or court order. *Deemer v. Deemer (In re Deemer)*, 360 B.R. 278, 281 (Bankr. N.D. Iowa 2007). Here, the obligation clearly is owed to or recoverable

by Ms. Dankert and was established pursuant to a pre-petition divorce decree. Thus, the only issue is whether the obligation is in the nature of alimony, maintenance, or support.

The BAPCPA amendments that added § 101(14A) and altered §§ 523(a)(5) and (15) did not change the standard for whether an obligation is in the nature of support. When deciding whether a debt should be characterized as one for support or property settlement, "the crucial question is what function did the parties intend the agreement to serve when they entered into it." *Boyle v. Donovan*, 724 F.2d 681, 683 (8th Cir. 1984) (citing *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1057 (8th Cir. 1983)). In making that factual determination, the court evaluates a number of factors, including whether the agreement contains a separate provision for alimony or child support, and whether the debt is conditional. *Ahlf v. Ahlf (In re Ahlf)*, 354 B.R. 884, 887 (Bankr. S.D. Iowa 2006) (citing *Morel v. Morel (In re Morel)*, 983 F.2d 104, 105 (8th Cir. 1992)). Other factors considered include:

> [T]he relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and, whether it would be difficult for the former spouse and children to subsist without the payments.

*Ahlf*, 354 B.R. at 887 (quoting *Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997)).

The divorce decree clearly contained a separate provision for child support. The provision at issue requiring Debtor to pay $17,025.35 is not related to the child support provision. Instead, the decree expressly provides that the payment is "in order to equalize the marital estate of the parties . . . ." It is the amount the court calculated as due to Ms. Dankert after assigning marital assets and marital liabilities between the parties. Ms. Dankert received the vast majority of the marital assets (approximately $264,000.00 in value compared to $24,000.00 in value received by Debtor), and also received the vast majority of the debts (approximately $302,000.00 compared to approximately $28,000.00 for Debtor). Many of the assets and much of the debt appeared to relate to a business operated by Ms. Dankert and known as "Roxi's Bridal Boutique." The payment obligation of Debtor to Ms. Dankert is a lump-sum obligation rather than a periodic payment obligation.

In light of the foregoing, it is clear to this Court that the obligation of Debtor to pay $17,025.35 to Ms. Dankert pursuant to Paragraph 12 of the parties' divorce decree is a property settlement payment and is not in the nature of support. Therefore, it is not a "domestic support obligation" excepted from discharge in Chapter 13, nor is it a priority claim.

      THEREFORE, IT IS ORDERED: That Debtor's objections to the claim of Roxana Dankert (Fil. #28 and #42) are sustained. The claim of Roxana Dankert shall be reclassified as a general unsecured claim.

      DATED: September 27, 2007.

                                            BY THE COURT:

                                            /s/ Thomas L. Saladino
                                          United States Bankruptcy Judge

Notice given by the Court to:
      *John C. Hahn
      Matthew S. McKeever
      Kathleen Laughlin
      U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.